Thomas Anthony **ZULE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 1095–91.

Court of Criminal Appeals of Texas,
En Banc.

Dec. 11, 1991.

Bill May, Corpus Christi, for appellant.

Grant Jones, Dist. Atty. & Linda J. Rhodes, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

WHITE, Justice.

■ A jury convicted appellant of aggravated sexual assault and assessed punishment at confinement for ninety-nine years and a fine of $10,000. The Court of Appeals affirmed the conviction. Zule v. State, No. 13–90–404–CR (Tex.App.—Corpus Christi, delivered June 6, 1991). The court overruled appellant's two points of error concerning alleged error in the admission of a videotape, holding that because the tape was not included in the record filed in the Court of Appeals, there was not a sufficient record to determine error or harm. Appellant filed a motion for rehearing urging the Court of Appeals to order the clerk of the trial court to supplement the record with the videotape. The Court of Appeals overruled the motion for rehearing. Appellant filed a petition for discretionary review contending that the Court of Appeals should have invoked Tex.R.App. Pro. Rule 51(d) and ordered the clerk of the trial court to send the videotape to it. Rule 51(d) states in part:

"... The appellate court on its own initiative may direct the clerk of the court below to send to it any original paper or exhibit for its inspection."

■ Appellant timely designated that all original exhibits be made part of the appellate record in accord with Tex.R.App.Pro. Rule 50(b). The videotapes were original exhibits which though designated, were not included in the record filed in the Court of Appeals.[1] Both the State and appellant addressed the merits of appellant's points of error concerning the contents of the videotapes. Apparently neither party was aware the videotapes were not filed with the Court of Appeals until the court issued

---

1. When a defendant designates original exhibits as part of the record to be included in the record on appeal, the trial court should act in accord with Tex.R.App.Pro. Rule 51(d). Cf. *Webb v. State*, 760 S.W.2d 263, 276 n. 19 (Tex. Cr.App.1988) in which we noted that the tape was not filed in this Court, that the defendant

had the burden under Tex.R.App.Pro. Rule 50(d) to ensure that it was contained in the record, and that the defendant did not specifically designate exhibits from trial to be part of the record on appeal and could not therefore complain about the tape itself.

its opinion. At this time appellant filed a motion for rehearing urging the Court of Appeals to order the clerk of the trial court to supplement the record with the videotape. At this juncture in the proceeding, it would appear that the appellant tried to correct the matter at the first opportunity; however, the court overruled the motion.

The Court of Appeals should have supplemented the appellate record to include the videotape. See *Durrough v. State,* 693 S.W.2d 404 (Tex.Cr.App.1985), and *Pike v. State,* 772 S.W.2d 130 (Tex.Cr.App.1989). See also Rule 51(d). Therefore, in exercise of our supervisory power, we summarily grant appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand to that court to supplement the appellate record to include the videotape, and to reconsider the merits of appellant's points of error.