# NO. 12-07-00067-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS,*<br>*APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *DAVID SCHLEMEYER,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

The State of Texas appeals from the trial court's order granting David Schlemeyer's motion to suppress evidence. We affirm.

### BACKGROUND

A Smith County grand jury indicted Appellee for the felony offenses of burglary and possession of a controlled substance. The arrest for possession of a controlled substance arose out of a traffic stop that began with a report to the police about a burglary. Appellee filed a motion to suppress evidence. A hearing was held on the motion during which the trial court viewed a video of the traffic stop made by the police. The video was the only evidence presented at the hearing, and the principal issue was whether the officers had reasonable suspicion of criminal activity to detain Appellee while they waited for a trained dog to arrive to screen Appellee's vehicle for illegal narcotics.

After viewing the video and hearing the arguments of counsel, the trial court granted the motion to suppress. Thereafter, the State dismissed the burglary case and this case, the possession of

a controlled substance case.  This appeal followed.

## MOTION TO SUPPRESS

In a single issue, the State argues that the trial court erred when it suppressed evidence derived from the traffic stop.  In a hearing on a motion to suppress, the trial court is the sole trier of fact, and we afford almost total deference to the trial court's factual conclusions.  *See Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007).  We afford the same amount of deference to the trial court's rulings on "application of law to fact questions," also known as "mixed questions of law and fact," if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. *Montanez v. State*, 195 S.W.3d 101, 106 (Tex. Crim. App. 2006).  We review de novo wholly legal conclusions as well as mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor. *Id.*

An appellate court can assess only the evidence that is actually in the appellate record. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007) (citing *Rowell v. State*, 66 S.W.3d 279, 282 (Tex. Crim. App. 2001)).  And it is error for a court of appeals to base its decision on an exhibit that is not in the appellate record. *See Amador*, 221 S.W.3d at 677 ("Because the court of appeals based its decision, at least in part, upon the contents of an exhibit that was not in the appellate record, it erred.").  In *Amador*, a video was not formally admitted but was relied upon by the trial court. *Id.* at 671–72.  The court held that the appellate court should have granted the State's motion to supplement the record rather than making assumptions about the evidence. *Id.* at 676–77; *see also* TEX. R. APP. P. 34.6 (d), (e).

Consistent with *Amador*, we cannot conduct appellate review in this case because there is no evidence for us to compare to the trial court's implicit factual findings. The only evidence considered by the trial court for the motion to suppress was a video recording of the traffic stop.  That video was never offered as an exhibit, it was never accepted by the trial court, it was not designated by the State in its requests to the district court clerk and the court reporter for preparation of the appellate record, and it is not in the appellate record.  The State did not seek to supplement the record and did not brief the case as if the video was before this court.  The State makes no argument that this court can review the trial court's ruling without the evidence relied upon by the trial court, and Appellee has not agreed to appellate review on stipulated facts.

The purpose of Rule 34.6 is to ensure that the record on appeal accurately reflects all of the

evidence seen and considered by the trial court. *Amador*, 221 S.W.3d at 677. The record in this case does not accurately reflect the evidence considered by the trial court. The State acknowledges this in its brief with respect to an issue it does not raise, stating that the record is "insufficient" to address it. The State does not cite to or reference the video, which was not transcribed, and asserts that the record has been "completely filed." Instead of citing to the video, the only evidence before the trial court, the State bases its argument on the "facts developed during argument of counsel" and cites to the reporter's record transcript of the lawyer's arguments for support for its factual assertions.

These facts show that the State was aware that the video was not in the record of the trial court or of this court and elected not to seek supplementation of the record. Furthermore, the State's brief makes plain that this is not a case where the parties mistakenly assumed that the video had been forwarded to this court. *See Zule v. State*, 820 S.W.2d 801, 801–02 (Tex. Crim. App. 1991) (Error for an appellate court to refuse to consider a videotape that was designated to be included in the appellate record and relied upon in the party's appellate briefing but not physically forwarded to that appellate court.). And there is no dispute about the contents of the record. *See* TEX. R. APP. P. 34.6(e)(2); *Amador*, 221 S.W.3d at 677. Accordingly, we conclude that it is not appropriate for this court to order the record to be supplemented on our own motion because that would frustrate the strategic choices made by the parties.

Generally, the appealing party has the burden to present a record showing reversible error. *See Word v. State*, 206 S.W.3d 646, 651–52 (Tex. Crim. App. 2006). Because the State has elected to proceed without the only evidence considered by the trial court, we cannot review the trial court's legal and factual determinations. Therefore, we overrule Appellant's single issue.

## DISPOSITION

Having overruled the State's issue, we ***affirm*** the trial court's order granting Appellee's motion to suppress evidence.

BRIAN HOYLE
Justice

Opinion delivered May 21, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3