Ismael Ruben LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–08–00400–CR.

Court of Appeals of Texas, Waco.

March 10, 2010.

John A. Kuchera, Waco, for Appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for Appellee.

Before Chief Justice GRAY*, Justice REYNA, and Justice DAVIS.

## OPINION ON REHEARING

FELIPE REYNA, Justice.

A jury convicted Ismael Ruben Lopez of aggravated assault by using a deadly weapon and causing serious bodily injury to a member of his family. Lopez pleaded "true" to an enhancement allegation, and the jury assessed his punishment at thirty-five years' imprisonment. On rehearing, we will affirm the judgment.

On original submission, the Court, with Chief Justice Gray dissenting, reversed the judgment and remanded this cause for further proceedings because the record did not reflect that the indictment had been amended and the guilt-innocence charge submitted a different offense than alleged in the indictment. Within two days, the Court received supplemental records from

---

* (Chief Justice Gray concurs in the judgment to the extent that it affirms the trial court's judgment. A separate opinion will not issue. He notes, however, that the process leading to the opinion on rehearing and the inclusion therein of the discussion of supplementing the record was the result of the Court's failure to request supplemental briefing on an issue identified, briefed and decided by the Court. Only after the opinion issued did the parties learn of the need to address the issue.)

the district clerk and the court reporter which reflect that the indictment was properly amended. The State filed a motion for rehearing several days later urging us to reconsider the issues presented in light of these supplemental records.

## Supplementation of Record

██ For his part, Lopez contends that there is no valid basis to permit supplementation of the record at this late date.[1] We disagree. Lopez specifically requested that records relating to the amendment of the indictment be included in the appellate record but was informed that there were no such records aside from the motion to amend. The parties briefed the case as if the indictment had not been properly amended, and our original opinion was based on this understanding, which has since been proved incorrect.

The rules governing supplementation of the appellate record with omitted matters are identical for civil and criminal appeals. *See* TEX.R.APP. P. 34.5(c)(1), (3), 34.6(d). We have recently addressed the appropriate standard for supplementation of the record after issuance of the appellate court's decision in a civil appeal.[2] *See In re Cervantes*, 300 S.W.3d 865, 870–72 (Tex. App.-Waco 2009, orig. proceeding) (op. on reh'g).

> [Rules 34.5(c) and 34.6(d) ] grant this court wide discretion to supplement the transcript or statement of facts so as to include omitted matter. However, such discretion should not be exercised, in the absence of some unusual circumstance, so as to permit new material to be filed

after the appellate court has written its opinion and rendered its judgment.

*Id.* at 871 (quoting *K & S Interests, Inc. v. Tex. Am. Bank/Dallas*, 749 S.W.2d 887, 891 (Tex.App.-Dallas 1988, writ denied)).

The Court of Criminal Appeals has required supplementation under similar circumstances where both parties mistakenly believed that a videotape, which was the subject of two of the appellant's points of error, was on file with the court of appeals, but the parties did not learn until after the court of appeals issued its opinion that the videotape had never been filed. *See Zule v. State*, 820 S.W.2d 801, 801–02 (Tex. Crim.App.1991).

The facts of this case present the requisite "unusual circumstances." Accordingly, we hold that the supplemental records are properly before us, and we will reconsider the merits of the three issues presented in Lopez's brief.

## Degree of Punishment

Lopez contends in his second issue that the court erred by charging the jury on the punishment for a first degree offense because the indictment alleges only a second degree offense and was never amended. However, the supplemental records affirmatively show that the indictment was properly amended to allege a first degree offense by interlineation of the original indictment. *See Riney v. State*, 28 S.W.3d 561, 565 (Tex.Crim.App.2000); *Barfield v. State*, 202 S.W.3d 912, 919 (Tex.App.-Texarkana 2006, pet. ref'd). Thus, we overrule Lopez's second issue.

---

1. Lopez questions the manner in which the clerk's and reporter's records have been supplemented, noting that the State did not file a motion requesting supplementation and there is no letter from either party or this Court directing supplementation of these records. *See* TEX.R.APP. P. 34.5(c)(1), 34.6(d). The supplemental records are in proper form. We do not consider the impetus for their preparation to be a matter of concern.

2. We applied this standard in the context of a mandamus proceeding. *See In re Cervantes*, 300 S.W.3d 865, 870 (Tex.App.-Waco 2009, orig. proceeding) (op. on reh'g).

## Motion for Mistrial

■ Lopez contends in his first issue that the court erred by overruling his motion for mistrial after his mother provided non-responsive testimony that he previously "went to TYC."

■ A mistrial is required because of improper testimony only when the evidence is "clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Russeau v. State,* 171 S.W.3d 871, 885 (Tex.Crim.App.2005). Otherwise, a prompt instruction to disregard generally cures the prejudicial effect of improper testimony, even that regarding extraneous offenses. *Ovalle v. State,* 13 S.W.3d 774, 783 (Tex.Crim.App.2000); *Hackett v. State,* 160 S.W.3d 588, 592 (Tex.App.-Waco 2005, pet. ref'd); *accord Marshall v. State,* 210 S.W.3d 618, 628–29 (Tex.Crim.App.2006).

Here, the witness's testimony referred to Lopez's prior incarceration at TYC. The trial court overruled Lopez's objection and denied his motion for mistrial but instructed the jury to disregard the testimony. The parties dispute whether the jurors knew what TYC was. Regardless, Texas courts have consistently held that the prejudicial effect of testimony referring to a prior incarceration can be cured by an instruction to disregard. *See, e.g., Kemp v. State,* 846 S.W.2d 289, 308 (Tex. Crim.App.1992); *Jackson v. State,* 287 S.W.3d 346, 354 (Tex.App.-Houston [14th Dist.] 2009, no pet.). Thus, we overrule Lopez's first issue.

## Parole Instruction

■ Lopez contends in his third issue that the court submitted an erroneous parole law instruction in the punishment charge because the charge instructed the jury that Lopez's good conduct time would be included in calculating when he would become eligible for parole.

The State agrees that this instruction was erroneous. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a) (Vernon Supp. 2009) (when there is an affirmative deadly-weapon finding, the statutory parole law instruction informs the jury that parole eligibility will be calculated "without consideration of any good conduct time"). However, Lopez did not object to this erroneous instruction. Thus, he can obtain reversal only on a showing of egregious harm. *Trejo v. State,* 280 S.W.3d 258, 261 (Tex.Crim.App.2009) (citing *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App. 1985) (op. on reh'g)).

In *Hooper v. State,* 255 S.W.3d 262 (Tex. App.-Waco 2008, pet. ref'd), this Court addressed the issue of egregious harm in the context of an erroneous parole law instruction. We identified four relevant factors including: (1) the presumption that the jury followed the court's instructions; (2) whether there was a jury note regarding parole or good-conduct time; (3) whether the State emphasized the possibility of parole in argument; and (4) the severity of the defendant's sentence. *Id.* at 271–72.

Here, there was no jury note regarding parole or good-conduct time. The State did not mention parole or good-conduct time in its closing argument. The jury assessed Lopez's punishment at thirty-five years which was not extreme considering the facts of the case and his prior criminal history. And there is nothing in the record to overcome the presumption that the jury followed the court's instructions "not to consider the extent to which good conduct time may be awarded or forfeited by this particular defendant" and "not to consider the manner in which the parole law may be applied to this particular defendant." *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 4(a). Accordingly, we cannot say

Lopez suffered egregious harm from the erroneous parole law instruction. *See Stewart v. State*, 293 S.W.3d 853, 856–62 (Tex.App.-Texarkana 2009, pet. ref'd); *Hooper*, 255 S.W.3d at 272–73. We overrule Lopez's third issue.

The State's motion for rehearing is granted. The opinion and judgment of this Court dated January 6, 2010, are withdrawn, and the opinion and judgment we issue today are substituted therefor. The trial court's judgment is affirmed.

Chief Justice GRAY concurring with note.