**AFFIRM; and Opinion Filed July 12, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00590-CR

### ECTOR ANTONIO SOZA, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 265th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F-1660408-R

## MEMORANDUM OPINION
Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Schenck

Ector Antonio Soza appeals his conviction and ten-year sentence for indecency with a child. In a single issue, appellant asserts he was egregiously harmed because the trial court did not accurately instruct the jury on the parole law as it applied to him. We affirm his conviction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

### BACKGROUND

The State indicted appellant for the offense of aggravated sexual assault of a child younger than fourteen years of age. Appellant entered a plea of "not guilty" and proceeded to a jury trial. Appellant testified at trial and denied having performed the unlawful act as alleged in the indictment and as testified to by the complainant. The jury found against appellant and returned a

verdict against him on the lesser-included offense of indecency with a child. The jury subsequently set punishment at ten years' confinement.

## DISCUSSION

Appellant asserts the trial court violated its duty to provide the jury instruction statutorily mandated by article 37.07, section 4(a) of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 37.07, § 4(a). Claims of jury charge error are viewed under a two-pronged test. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). First, we determine whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If so, we then evaluate the harm caused by that error. *Id.*

In this case, appellant elected to have the jury assess his punishment. Therefore, the trial court was required to instruct the jury on the law of parole and how this law would be applied to appellant.[1] The jury should have been charged as follows:

> Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time the defendant may earn. If the defendant is sentenced to a term of less than four years, the defendant must serve at least two years before the defendant is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.

---

[1] The statutory instruction is constitutional and mandatory, and the precise language of article 37.07 is prohibited from alteration. *Luquis v. State*, 72 S.W.3d 355, 363 (Tex. Crim. App. 2002).

It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

TEX. CODE CRIM. PROC. ANN. art. 37.07 §4(a).

Instead, the jury was charged, in pertinent part:

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, the defendant will not become eligible for parole until the actual time served equals one-half of the sentence imposed, without consideration of any good conduct time he may earn. Eligibility for parole does not guarantee that parole will be granted.

It cannot be accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

This instruction failed to inform the jury that if appellant were sentenced to a term of less than four years he must serve at least two years before he is eligible for parole and, thus, was erroneous. Appellant did not object to the erroneous charge, however. Therefore, the error supports reversal only if it is shown to be egregious and to have created such harm that appellant was deprived of a fair and impartial trial. *Almanza*, 686 S.W.2d at 171.

Egregious harm obtains when the record shows that a defendant has suffered actual, rather than merely theoretical, harm from jury charge error. *Id.* at 174. Egregious harm consists of error affecting the very basis of the case, depriving the defendant of a valuable right, or vitally affecting

a defensive theory. *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006); *see also Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015) (stressing the extraordinary harm necessary to support a finding of egregious harm). In examining the record to determine whether such harm occurred, we consider (1) the entire jury charge, (2) the state of the evidence, including the contested issues and weight of probative evidence, (3) the argument of counsel and (4) any other relevant information revealed by the record of the trial court as a whole. *Almanza*, 686 S.W.2d at 171. These are commonly referred to as the *Almanza* factors.

Appellant argues egregious harm exists in this case because the erroneous parole charge tended to encourage the jury to assess a lengthier sentence than they would have if they had a correct understanding of the law. Appellant cites no authority or evidence to substantiate this argument, and, in fact, as more fully set forth below, the record and the law both refute appellant's contention.

The over-arching purpose of the section 4(a) instruction is to inform the jurors of the concepts of "good conduct time" and parole as a general proposition, but to prohibit the jury from using its notions of parole or "good conduct time" in any calculus in assessing the appropriate punishment. *Luquis*, 72 S.W.3d at 260. In keeping with this purpose, the jury here was informed of the range of punishment, instructed to limit its deliberations, under the law and the evidence in the case, to the question of punishment, and instructed not to consider how "good conduct time" or parole may be applied to appellant when assessing punishment. Absent any evidence or other record indications to the contrary, we presume the jurors understood and followed the trial court's instructions in the jury charge, *see Taylor v. State*, 332 S.W.3d 483, 492 (Tex. Crim. App. 2011), and appellant has failed to show otherwise. Thus, the first *Almanza* factor does not weight in favor of concluding appellant was egregiously harmed by the erroneous instruction.

With respect to the second *Almanza* factor to be considered—the state of the evidence—

appellant does not contend the evidence was insufficient to find him guilty of indecency with a child. The jury convicted appellant of indecency with a child, a second degree felony. TEX. PENAL CODE ANN. § 21.11(a)(1). The punishment range for the offense was a term of two to twenty years and a possible fine not to exceed $10,000. *See id.* § 12.33. The jury assessed punishment at ten years' confinement and no fine. That sentence falls slightly below the mid-point of the range of punishment. Thus, had the jury considered the possibility of parole, it was not in the range potentially impacted by the erroneous charge (a term of less than four year). This factor does not weigh in favor of concluding appellant was egregiously harmed by the erroneous instruction.

The third *Almanza* factor pertains to the arguments of counsel. *Almanza*, 686 S.W.2d at 171. During closing arguments, appellant's counsel urged the jury to impose the lowest sentence and the State asked for more than ten years. The State did not request that the jury consider the possibility of parole in assessing appellant's punishment. The third *Almanza* factor does not weigh in favor of concluding appellant was egregiously harmed by the erroneous instruction.

The fourth *Almanza* factor requires that we consider any other relevant information revealed by the record of the trial as a whole that would have a bearing on whether appellant suffered egregious harm. *Id.* At the time the jury considered punishment, it had already convicted appellant of indecency with a child, and the punishment phase jury charge set forth the proper range of punishment for the offense. During the jury's deliberations on punishment, there was no communication between the jury and the judge regarding the parole instruction or the possible application of parole law to appellant. *See Lopez v. State*, 314 S.W.3d 70, 73 (Tex. App.—Waco 2010, no pet.) (op. on reh'g). Nothing in the record suggests the jury discussed, considered, or attempted to apply any aspect of parole law to appellant despite the charge's admonition not to do so. Appellant has presented no evidence showing the jury was misled by the parole law charge actually given or increased his sentence based on the absence of the portions of the article 37.07,

section 4(a) instruction regarding a minimum of two years' service for a two to four year sentence. *See Hooper v. State*, 255 S.W.3d 262, 272–73 (Tex. App.—Waco 2008, pet. ref'd). The fourth *Almanza* factor does not weigh in favor of concluding appellant was egregiously harmed by the erroneous instruction.

We are unable to conclude appellant suffered egregious harm from the erroneous jury instruction concerning parole eligibility. Under the standards necessary to show egregious harm, we conclude that the erroneous jury instruction did not deprive appellant of a fair and impartial trial or affect the very basis of the case, deprive him of a valuable right, or vitally affect a defensive theory. *See Villarreal*, 453 S.W.3d at 433. Accordingly, we resolve appellant's sole issue against him.

**CONCLUSION**

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

Do Not Publish
Tex. R. App. P. 47

170590F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ECTOR ANTONIO SOZA, Appellant

No. 05-17-00590-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1660408-R.
Opinion delivered by Justice Schenck.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 12th day of July, 2018.