

# IN THE
## TENTH COURT OF APPEALS

_____

### No. 10-18-00052-CR

_____

**GARY RAY AMBURN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

_____

### From the 443rd District Court
### Ellis County, Texas
### Trial Court No. 42046CR

_____

## MEMORANDUM OPINION

_____

Gary Amburn appeals from a conviction for aggravated assault with a deadly weapon. TEX. PENAL CODE ANN. § 22.02(a) (West 2011). In his sole issue, Amburn complains that he was egregiously harmed by the failure to include the correct statement that he would have to serve at least two years of a prison sentence if he were sentenced to a term of less than four years in prison before becoming eligible for parole. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07, §4(a) (West 2006). Because we find that Amburn was

not egregiously harmed by the failure to include the above language, we affirm the judgment of the trial court.

It is undisputed that the jury charge in the punishment phase of Amburn's trial should have contained the following language in the instruction regarding good time and parole: "If the defendant is sentenced to a term of less than four years, the defendant must serve at least two years before the defendant is eligible for parole." However, the jury charge erroneously stated that "if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served plus any good conduct time earned equals one-half of the sentence imposed or 10 years, whichever is less." Amburn did not object to this error in the jury charge.

Because Amburn did not timely object to the alleged error in the jury charges, reversal is required only if the error was so egregious and created such harm that Amburn was denied a fair and impartial trial. *Marshall v. State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016). Error is egregiously harmful only if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory. *Marshall*, 479 S.W.3d at 843. This is a difficult standard to meet. *Marshall*, 479 S.W.3d at 843. In conducting our review for "some harm" or egregious harm, neither Amburn nor the State bears the burden on appeal to show harm or lack thereof. *Rogers v. State*, 550 S.W.3d 190, 191 (Tex. Crim. App. 2018). Rather, this Court must examine the relevant portions of the entire record — the entire jury charges, the state of the evidence, arguments of counsel,

and other relevant record information — to determine whether Amburn suffered actual, as opposed to theoretical, harm as a result of the error. *Rogers*, 550 S.W.3d at 192.

The over-arching purpose of the instruction regarding good time and parole is to inform the jurors of the concepts of "good conduct time" and parole as a general proposition, but to prohibit the jury from using its notions of parole or "good conduct time" in any calculus in assessing the appropriate punishment. *Luquis v. State*, 72 S.W.3d 355, 360 (Tex. Crim. App. 2002). In keeping with this purpose, the jury here was informed of the range of punishment, instructed to limit its deliberations, under the law and the evidence in the case, to the question of punishment, and instructed not to consider how "good conduct time" or parole may be applied to Amburn when assessing punishment. Absent any evidence or other record indications to the contrary, we presume the jurors understood and followed the trial court's instructions in the jury charge. *See Taylor v. State*, 332 S.W.3d 483, 492 (Tex. Crim. App. 2011).

Amburn does not challenge the sufficiency of the evidence regarding the aggravated assault or the deadly weapon finding. The punishment range was a term of two to twenty years in prison and a possible fine not to exceed $10,000. *See id*. § 12.33. The jury assessed punishment at three years' confinement and no fine. That sentence falls very close to the minimum punishment allowed. Parole and good time were not mentioned during arguments of the State and the record does not otherwise show any other relevant information that would support a finding of egregious harm. There was

no communication between the jury and the judge during the jury's deliberations regarding the parole instruction or the possible application of parole law to Amburn. *See Lopez v. State*, 314 S.W.3d 70, 73 (Tex. App.—Waco 2010, no pet.) (op. on reh'g). Nothing in the record suggests the jury discussed, considered, or attempted to apply any aspect of parole law to Amburn despite the charge's admonition not to do so.

We are unable to conclude Amburn suffered egregious harm from the erroneous jury instruction concerning parole eligibility. Under the standards necessary to show egregious harm, we conclude that the erroneous jury instruction did not deprive Amburn of a fair and impartial trial or affect the very basis of the case, deprive him of a valuable right, or vitally affect a defensive theory. *See Marshall*, 479 S.W.3d at 843. We overrule Amburn's sole issue.

**CONCLUSION**

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins[1]
Affirmed
Opinion delivered and filed February 13, 2019
Do not publish
[CR25]

---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).