**Opinion filed August 3, 2023**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00099-CR

_____

**ROBERT LAFAYETTE LOVELL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 90th District Court**

**Stephens County, Texas**

**Trial Court Cause No. F36096**

## M E M O R A N D U M   O P I N I O N

The jury convicted Appellant, Robert Lafayette Lovell, of the offense of continuous sexual abuse of a child under fourteen years of age, a first-degree felony. TEX. PENAL CODE ANN. § 21.02(b)(1), (b)(2)(A), (h) (West Supp. 2022). Appellant elected for the trial court to assess his punishment. Based on Appellant's pleas of "true" to two enhancement allegations, the trial court found each enhancement to be "true" and assessed Appellant's punishment at life imprisonment in the Texas

Department of Criminal Justice, Institutional Division. *See id.* § 21.02(h). In two issues, Appellant contends that (1) the trial court's charge contained error that resulted in egregious harm to Appellant, and (2) the trial court abused its discretion when it admitted certain evidence over Appellant's objection. We affirm.

## I. *Factual Background*

The victim[1] testified that Appellant frequently sexually abused her from around the time she was nine years old until she outcried to her aunt and mother when she was eleven. After the victim outcried, her mother contacted the police; the victim was later examined by a sexual assault nurse examiner (SANE). After law enforcement concluded its investigation, Appellant was arrested and subsequently indicted for continuous sexual abuse of a child.

At trial, Appellant objected to a portion of the victim's testimony—in which she recounted a time when Appellant picked her up in his vehicle while he was intoxicated and proceeded to crash the vehicle into a wall—on the basis that the victim's testimony about this incident was irrelevant and did not constitute same-transaction contextual evidence. The trial court overruled Appellant's objection.

## II. *Standards of Review*

Appellate review of alleged charge error is a two-step process. *Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012) (citing *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994)). First, we must determine whether charge error exists. *Cortez v. State*, 469 S.W.3d 593, 598 (Tex. Crim. App. 2015) (citing *Kirsch*, 357 S.W.3d at 649). Second, if error does exist, we must then conduct a harm analysis to determine whether the error resulted in sufficient harm to warrant reversal. *Id.*; *Phillips v. State*, 463 S.W.3d 59, 64–65 (Tex. Crim. App. 2015); *Ngo v.*

---

[1]To protect the identity of the minor victim in this case, we refer to her simply as "the victim."

*State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005); *Ybarra v. State*, 621 S.W.3d 371, 384 (Tex. App.—Eastland 2021, pet. ref'd).

Although "the jury is the exclusive judge of the facts," it is "bound to receive the law from the court and be governed thereby." TEX. CODE CRIM. PROC. ANN. art. 36.13 (West 2007). The purpose of the trial court's charge is to "inform the jury of the applicable law and guide them in its application to the case." *Delgado v. State*, 235 S.W.3d 244, 249 (Tex. Crim. App. 2007) (quoting *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996)). Charge error stems from the denial of a defendant's right to have the trial court provide the jury with instructions that correctly set forth the "law applicable to the case." *Bell v. State*, 635 S.W.3d 641, 645 (Tex. Crim. App. 2021) (quoting CRIM. PROC. art. 36.14). Because the trial court is obligated to correctly instruct the jury on the law applicable to the case, it is ultimately responsible for the accuracy of its charge and the accompanying instructions. *Mendez v. State*, 545 S.W.3d 548, 552 (Tex. Crim. App. 2018) (citing *Delgado*, 235 S.W.3d at 249). Therefore, when the charge is inaccurate, the trial court errs, and the error is subject to a harm analysis. *See Bell*, 635 S.W.3d at 645.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *Henley v. State*, 493 S.W.3d 77, 82–83 (Tex. Crim. App. 2016). This standard also applies to a trial court's decision to admit or exclude extraneous-offense evidence. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Barron v. State*, 630 S.W.3d 392, 410 (Tex. App.—Eastland 2021, pet. ref'd). We will not reverse a trial court's decision to admit or exclude evidence, and there is no abuse of discretion, unless that decision lies outside the zone of reasonable disagreement. *Beham v. State*, 559 S.W.3d 474, 478 (Tex. Crim. App. 2018); *De La Paz*, 279 S.W.3d at 343–44; *Barron*, 630 S.W.3d at 410. Furthermore, we will uphold a trial court's evidentiary ruling, even if the trial court's reasoning is flawed, if it is correct

on any theory of law that finds support in the record and is applicable to the case. *Henley*, 493 S.W.3d at 93; *Dering v. State*, 465 S.W.3d 668, 670 (Tex. App.—Eastland 2015, no pet.).

III. <em>Analysis</em>

A. *Charge Error*

The portion of the trial court's charge about which Appellant complains is reproduced below:

**Application of Law to Facts**

You must determine whether the state has proved, beyond a reasonable doubt,

Four (4) elements of *Continuous Sexual Abuse of a Child*. The elements are that—

1. The defendant, in Stephens County, Texas, during a period between on or about May 27, 2016 and on or about February 25, 2019, committed two or more of the following alleged acts of sexual abuse, to wit:

**Indecency with a Child**

a.  The state must prove that the defendant, with the intent to arouse or gratify the sexual desire of said defendant, expose the defendant's genitals, knowing that Doe, a pseudonym, a child younger than seventeen (17) years of age.

b.  The state must prove that the defendant, with the intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact with Doe, a pseudonym, hereinafter styled the complainant, by touching the genitals of Doe, a pseudonym, a child younger than seventeen (17) years of age.

7

4

c. The state must prove that the defendant, with the intent to arouse or gratify the sexual desire of said defendant, engage in sexual contact with Doe, a pseudonym, hereinafter styled the complainant, by touching the anus of Doe, a pseudonym, a child younger than seventeen (17) years of age.

A person commits an offense of *Indecency with a Child by Exposure* if, with a child younger than seventeen (17) years of age, with the intent to arouse or gratify the sexual desire of said defendant, the defendant exposes his genitals to a child and the child was at the time younger than seventeen (17) years of age.

A person commits an offense of *Indecency with a Child by Contact* if, with a child younger than seventeen (17) years of age, with the intent to arouse or gratify the sexual desire of said defendant, the defendant touches the breast or any part of the genitals of a child and the child was at the time younger than seventeen (17) years of age.

Sexual contact means the defendant, if committed with the intent to arouse or gratify the sexual desire of the defendant, intentionally or knowingly touches, including touching through clothing, the breast or any part of the genitals of a child and the child was at the time younger than seventeen (17) years of age.

In the application portion of its charge, the trial court included a recitation of the statutory definition of indecency with a child by contact which stated, among other things, that the offense may be committed if the defendant touched the breast of a child. Appellant complains that the inclusion of this language was error because it served to confuse the jury with respect to the permissible manner and means for how this offense could be a predicate offense of continuous sexual abuse of a child.

A person commits the offense of continuous sexual abuse of a child if, during a period that is thirty or more days in duration, the person commits two or more acts of sexual abuse and, at the time of the commission of each of the acts of sexual abuse, the actor is seventeen years of age or older and the victim is a child younger than fourteen years of age, regardless of whether the actor knows the age of the victim at the time the offense is committed. *See* PENAL § 21.02(b).

For purposes of Section 21.01, the statutory definition of an "act of sexual abuse" includes the offense of indecency with a child, "if the actor committed the

5

offense in a manner *other than* by touching, including touching through the clothing, the breast of a child." *Id.* § 21.02(c)(2) (emphasis added); *see id.* § 21.11(a)(1) (West 2019). To convict a defendant of the offense of continuous sexual abuse of a child, a jury is not required to agree unanimously on which specific acts of sexual abuse were committed by the defendant. *Id.* § 21.02(d). Rather, the jury must only agree that the defendant, during a period that is thirty or more days in duration, committed two or more statutorily defined acts of sexual abuse. *Id.*

A person commits the offense of indecency with a child by contact if the person engages in sexual contact with a child who is younger than seventeen. *See id.* § 21.11(a)(1). Section 21.11 defines "sexual contact" as (1) "any touching by a person, including touching through clothing, of the anus, breast, or any part of the genitals of a child;" or (2) "any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person." *See id.* § 21.11(c).

Here, the trial court's charge recited the statutory definition of the offense of indecency with a child by contact—including that the offense may be committed by touching the victim's breast—in the application portion of the charge. Appellant complains that this instruction is erroneous because its placement in the application portion of the charge was likely to either confuse, influence, or mislead the jury regarding the manner and means by which it may lawfully convict Appellant of the charged offense. Because the complained-of definition is included in the application portion of the charge, Appellant asserts that "we have no fair assurance that one or more jurors did not conclude that if Appellant touched the victim's breasts, he was guilty of a predicate element of continuous sexual abuse of a child."

The State appears to concede that the trial court's charge contains error. We note, however, that the trial court's charge listed the manners and means by which the jury may determine that Appellant committed indecency with a child as a

6

predicate offense of continuous sexual abuse. The manners and means listed in the charge are by (a) exposure of Appellant's genitals to the victim, (b) Appellant's sexual contact with the victim by touching her genitals, or (c) Appellant's sexual contact with the victim by touching her anus. The charge does not list "touching of the victim's breast" as a permissible manner and means. For purposes of discussion, we will assume, without deciding, that the inclusion of this instruction in the application portion of the charge was error; therefore, we will conduct the appropriate harm analysis. *See Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2016); *Ngo*, 175 S.W.3d at 743.

Appellant acknowledges that he did not make a timely and proper objection in the trial court to the charge error that he now complains about on appeal; therefore, Appellant must show "egregious harm" to obtain a reversal. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g); *see Madden v. State*, 242 S.W.3d 504, 513 (Tex. Crim. App. 2007). When the defendant or his trial counsel fails to make a timely and proper objection to the trial court's charge, we will reverse only if the error was so egregious and created such harm that the defendant was deprived of a fair and impartial trial. *Villareal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015); *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009); *Almanza*, 686 S.W.2d at 171.

"Charge error is egregiously harmful if it affects the very basis of the case, deprives the defendant of a valuable right, or vitally affects a defensive theory." *Villareal*, 453 S.W.3d at 433; *Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006). "Egregious harm is a 'high and difficult standard' to meet, and such a determination must be 'borne out by the trial record.'" *Villareal*, 453 S.W.3d at 433 (quoting *Reeves*, 420 S.W.3d at 816). In our egregious harm analysis, we examine the relevant portions of the record which must show that Appellant suffered actual harm, as opposed to theoretical harm, because of the error. *See Marshall v.*

*State*, 479 S.W.3d 840, 843 (Tex. Crim. App. 2016). Neither party bears the burden of showing harm or the lack thereof under this standard. *Villareal*, 453 S.W.3d at 433 (citing *Warner v. State*, 245 S.W.3d 458, 464 (Tex. Crim. App. 2008)). Egregious harm is only shown when the error "created such harm that [the appellant was deprived of] 'a fair and impartial trial.'" *Almanza*, 686 S.W.2d at 171.

To determine if the complained-of charge error egregiously harmed Appellant, the Court of Criminal Appeals in *Almanza* identified four factors that we should weigh and consider: (1) the charge as a whole; (2) the state of the evidence, including the contested issues and the weight of the probative evidence; (3) the arguments of counsel; and (4) all other relevant information in the record that may inform our analysis. *See Cosio v. State*, 353 S.W.3d 766, 777 (Tex. Crim. App. 2011) (citing *Hutch v. State*, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)); *Almanza*, 686 S.W.2d at 171. These factors guide our analysis.

1. *The Charge as a Whole*

The first *Almanza* factor requires that we review the trial court's charge in its entirety. In this case, although the statutory definition of indecency with a child by contact is recited in the application portion of the charge—which included that the offense may occur by the defendant touching the breast of a child—the trial court also correctly instructed the jury on this issue, both in the application and abstract portions of the charge.

In the abstract portion of the charge, the trial court instructed the jury that the State had specifically accused Appellant of having committed seven predicate offenses to the charged offense of continuous sexual abuse of a child. Two of the listed predicate offenses in the charge were indecency with a child by contact. The charge further explained that Appellant was accused of having committed these offenses by engaging in sexual contact with the victim by touching the victim's genitals or anus, respectively.

8

In the application paragraph, the charge states that, to convict Appellant of continuous sexual abuse of a child, the jury must conclude that he committed two or more acts of sexual abuse, to wit, either indecency with a child or aggravated sexual assault. As we have said, the charge designates the manners and means by which the jury may determine whether Appellant committed indecency with a child as a predicate offense of continuous sexual abuse. The manners and means designated in the charge are by (a) exposure of Appellant's genitals to the victim, (b) Appellant's sexual contact with the victim by touching her genitals, or (c) Appellant's sexual contact with the victim by touching her anus. The charge does not designate touching the victim's breast as a permissible manner and means. After designating the permissible manners and means, the charge recites the statutory language for the offenses of indecency with a child by exposure and by contact, including contact by touching a child's breast. This is the language about which Appellant now complains.

The application portion of the charge clearly states three manners and means by which the jury may determine if Appellant committed the requisite predicate offense. It excludes touching of the breast by not listing it as a fourth permissible manner and means. This exclusion is highlighted by the recitation of the offense's statutory language, which instructs the jury that it is not necessary to consider every manner and means designated in the charge for the purposes of determining a predicate offense of continuous sexual abuse of a child. Unless the record indicates to the contrary, and in this case it does not, we presume that the jury followed the trial court's instructions. *See Taylor v. State*, 332 S.W.3d 483, 492 (Tex. Crim. App. 2011); *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005); *Smith v. State*, 631 S.W.3d 484, 500 (Tex. App.—Eastland 2021, no pet.).

Therefore, when the trial court's charge is read as a whole and in proper context, we conclude that the first *Almanza* factor does not weigh in favor of finding that Appellant suffered egregious harm.

2. *The State of the Evidence*

The second *Almanza* factor focuses on the evidence presented at trial. Appellant argues that the State presented substantial testimony that Appellant touched the victim's breast on multiple occasions and that this, paired with the complained-of definition and its placement in the application paragraph, effectively impaired the jury's ability to distinguish between the evidence that the jury should and should not consider.

The State responds that the record is rife with evidence of various acts of sexual abuse committed by Appellant beyond his alleged touching of the victim's breast, and that this evidence is more than sufficient to support the jury's verdict. Indeed, the victim testified that Appellant sexually abused her "[p]robably every other weekend" over the course of an approximately three-year period. She never testified that Appellant's sexual abuse consisted only of contact with her breast; rather, she described that the instances of sexual abuse consisted of Appellant contacting her breast and genitals with his hands and tongue, and forcing her to contact his genitals with her mouth. The victim testified that "this always happen[ed]" when she went to Appellant's home, and she explicitly specified that "this" meant sexual abuse in which Appellant contacted her genitals and breast with his tongue, and forced her to contact his genitals with her mouth.

The victim also described some instances in which Appellant penetrated her vagina and anus with his penis. The victim testified that Appellant had a visible hernia that she could see when he was naked. The State also presented notes that the victim had written to a friend at her school during fifth or sixth grade, which described Appellant's acts of sexual abuse. In these notes, the victim described that

Appellant had sexually abused her for three years, including that "he" had forced her to "suck his thing."

We agree with the State that the record is replete with evidence of Appellant having committed numerous acts of sexual abuse against the victim, beyond only touching the victim's breast. Further, nowhere in the record does the victim testify that any of Appellant's acts of sexual abuse were confined only to contact with her breast. Notably, there is no evidence in the record before us that directly controverts the victim's version of events.

Appellant asserts that the erroneous inclusion of the "touching the breast" language—and the location of the complained-of definition in the charge—must have affected the jury's evaluation of the evidence because the resolution of his guilt or innocence turned on the victim's outcries and trial testimony, which included numerous references to Appellant having touched her breast. But the victim unequivocally testified to a pattern of sexual abuse in which Appellant *always* went above and beyond touching her breast every time he sexually abused her. The evidence shows that Appellant committed many acts of sexual abuse against the victim within the meaning of the continuous sexual abuse statute, as well as acts of sexual misconduct that are not included within the statutory definition, such as touching the victim's breast, which were interwoven throughout his ongoing sexual abuse of the victim.

Therefore, considering the entire record, we conclude that the second *Almanza* factor does not weigh in favor of finding that Appellant suffered egregious harm.

### 3. *The Arguments of Trial Counsel*

The third *Almanza* factor pertains to the arguments of trial counsel. In weighing this factor, we must determine whether any statements made by the State, Appellant's trial counsel, or the trial court exacerbated or ameliorated the

11

complained-of charge error. *Arrington v. State*, 451 S.W.3d 834, 844 (Tex. Crim. App. 2015).

Appellant complains that, in its closing argument, the State argued that any consideration by the jury of the lesser-included offense of indecency with a child (for which the complained-of instruction was proper and correct), would be "ridiculous" because an abundance of evidence had been presented to support a finding that Appellant was guilty only of continuous sexual abuse of the victim. Appellant contends that the State's argument—a legitimate trial strategy—attempted to persuade the jury not to consider the lesser-included offense that the trial court submitted, and thus directed the jury's consideration more exclusively to the charged offense, which in turn exacerbated the harm that was caused by the erroneous instruction.

As the State observes, Appellant concedes that the State did not argue that a conviction of the charged offense could be based on indecency with a child by contact by touching the victim's breast. As with the preceding factor, there was abundant evidence that Appellant *always* went above and beyond touching the victim's breast every time he sexually abused her. Further, the State argued that because the evidence that supported a conviction for the charged offense was so overwhelming, there was no need for the jury to consider a lesser-included offense of indecency with a child.

Therefore, we conclude that this factor does not weigh in favor of finding that Appellant suffered egregious harm.

### 4. *Other Relevant Information in the Record*

Finally, the fourth *Almanza* "catch-all" factor requires that we consider any other relevant information in the record that would assist in our determination of whether Appellant suffered egregious harm as a result of the complained-of charge

error. *Gelinas v. State*, 398 S.W.3d 703, 707 (Tex. Crim. App. 2013); *Almanza*, 686 S.W.2d at 171.

We note at the outset that the indictment contains the very language that Appellant challenges on appeal. However, and to his detriment, Appellant did not object to the form or substance of the indictment prior to trial or claim that he lacked notice of the charge filed against him. *See Smith v. State*, 340 S.W.3d 41, 52 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Here, the record shows that the jury never inquired of or submitted any note or other form of communication to the trial court regarding the alleged deficiencies in the charge to which Appellant now complains. *See Lopez v. State*, 314 S.W.3d 70, 73 (Tex. App.—Waco 2010, no pet.); *Shavers v. State*, 985 S.W.2d 284, 292 (Tex. App.—Beaumont 1999, pet. ref'd). Therefore, it is unlikely that the jury was influenced, confused, or misled by the trial court's instructions that Appellant now complains were erroneous. Further, Appellant does not point to, nor have we found, other information in the record that would either assist in our analysis or support a finding of egregious harm.

Because there is no other relevant information in the record before us that shows or suggests confusion or that the jury's verdict was influenced or affected by the complained-of instructions, we conclude that the fourth *Almanza* factor does not weigh in favor of finding that Appellant suffered egregious harm.

Based on this record, we conclude that, even in the event that the inclusion of the complained-of definition in the application paragraph of the charge *was* error, Appellant did not suffer egregious harm resulting from it. Accordingly, we overrule Appellant's first issue.

B. *Admission of an Extraneous Crime or Bad Act*

In his second issue, Appellant contends that the trial court abused its discretion when it admitted, over Appellant's objection, the victim's testimony about an

alleged traffic incident in which she "accused" Appellant of driving while intoxicated.

The victim testified that, on one occasion, Appellant picked her up in his vehicle after he had been drinking, and, while she was a passenger, he crashed his vehicle into a wall at the end of a street. Before the victim testified, and outside the presence of the jury, Appellant objected to the State's proffer, arguing that the evidence was irrelevant and not admissible as same transaction contextual evidence. The trial court overruled the objection.

Appellant argues on appeal that this evidence was (1) irrelevant, (2) not admissible as same transaction contextual evidence, and (3) an inadmissible extraneous offense. The State contends that the victim's testimony was relevant because it showed Appellant's lack of care for the victim by subjecting her to physical harm by driving while intoxicated, and that this provides at least a small "nudge" toward a fact of consequence—Appellant's intent in connection with the offense. We agree that this "one-off" event provides a glimpse of Appellant's lack of regard for the victim and conclude that the challenged testimony is relevant.

Evidence is relevant if it has any tendency to make a fact of consequence to the determination of the action more or less probable than it would be without the evidence. TEX. R. EVID. 401. Relevant evidence is generally admissible; however, such evidence is only admissible if its admission is not prohibited by other rules of evidence. *Id.* R. 402; *Layton v. State*, 280 S.W.3d 235, 240 (Tex. Crim. App. 2009). Rule 404 generally provides that evidence of extraneous offenses or bad acts is not admissible to prove a defendant's character in order to demonstrate that the defendant acted in conformity with such character on a particular occasion, although there are exceptions. *Id.* R. 404(b). One such exception to the general rule is "same-transaction contextual evidence." *Inthalangsy v. State*, 634 S.W.3d 749, 756 (Tex. Crim. App. 2021). Although the State offered the challenged evidence on this basis

in the trial court, it now concedes in its brief that the proffered evidence "probably was not transactional." We agree.

To be admissible, "same-transaction contextual evidence must be 'necessary to the jury's understanding of the [charged] offense' such that the charged offense would make little sense without the same-transaction evidence." *Inthalangsy*, 634 S.W.3d at 756 (citing *Pondexter v. State*, 942 S.W.2d 577, 584 (Tex. Crim. App. 1996)). Nothing about the victim's testimony regarding this "one-off" drunk driving incident "illuminate[d] the nature of the [charged offense]." *Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993). In fact, the victim never testified that any of Appellant's acts of sexual abuse occurred in or involved a vehicle. However, the State argues in its brief that this evidence was *relevant* because it tended to show Appellant's lack of care for the victim.

Appellant contends that, because evidence of extraneous offenses or bad acts are not excepted under Rule 404, the challenged evidence is not admissible.[2] The State counters that the challenged testimony was *relevant* and properly admitted because it tended to show Appellant's lack of care for the victim. *See Gutierrez v. State*, 630 S.W.3d 270, 283 (Tex. App.—Eastland 2020, pet. ref'd) (Rule 404(b)

---

[2]The State argues that, other than his same-transaction evidence argument, Appellant has not preserved any other arguments regarding the admissibility of this evidence, including that it is inadmissible extraneous-offense evidence, because he did not object on that basis in the trial court. *See Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990) ("Generally, error must be presented at trial with a timely and specific objection, and any objection at trial which differs from the complaint on appeal preserves nothing for review.") (citations omitted). We disagree.

Counsel for the State offered the evidence as "[M]atters that are of an extraneous nature, although I would actually say that many of them are really transactional, part of the transaction and everything that occurred." Trial counsel for Appellant objected that the evidence was irrelevant, not transactional, and constituted separate bad acts. Because same-transaction contextual evidence is a proper basis to admit otherwise inadmissible extraneous crimes or bad acts, Appellant's objection fairly encompassed his argument on appeal that the evidence was inadmissible as an extraneous bad act. *See* TEX. R. EVID. 404(b); *Inthalangsy*, 634 S.W.3d at 756 (discussing same-transaction contextual evidence and Rule 404(b)).

exceptions are "neither mutually exclusive nor collectively exhaustive . . . [and] 'Rule 404(b) is a rule of inclusion rather than exclusion.'").  We agree with the State.

Here, the trial court did not conduct a Rule 403 balancing analysis because Appellant did not object to the admission of this evidence on that basis nor did he request that the trial court conduct a balancing analysis.  Further, Appellant does not raise a Rule 403 argument on appeal.  Nonetheless, based on this record, we conclude that, on balance, the challenged evidence—that Appellant crashed his vehicle into a wall when the victim was a passenger while he was driving while intoxicated—is relevant for the purpose for which it was offered and that its probative value is not substantially outweighed by any claimed prejudicial effect.  Therefore, the trial court did not abuse its discretion when it admitted this evidence.  *See Gutierrez*, 630 S.W.3d at 283.

Accordingly, we overrule Appellant's second issue.

### IV.  *This Court's Ruling*

We affirm the judgment of the trial court.



W. STACY TROTTER
JUSTICE


August 3, 2023

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.